UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>  Defendant. | Civil Action No. 24-2639 (AHA) |

## ANSWER

Defendant, the United States Department of the Interior (the "Department" or "Defendant"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

### RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

The first unnumbered paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this lawsuit pursuant to the FOIA.

## JURISDICTION AND VENUE[1]

1. Paragraph 1 consists of Plaintiff's conclusions of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this action, subject to the terms and limitations of FOIA.

2. Paragraph 2 consists of Plaintiff's conclusions of law regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this district for a properly stated FOIA claim.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendant admits that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1849 C Street, N.W., Washington, DC 20240. The remainder of Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

## STATEMENT OF FACTS

5. Defendant lacks knowledge or information sufficient to form a belief as to the frequently with which Plaintiff submits FOIA requests. Defendant admits that Plaintiff submitted three FOIA requests to Defendant on March 8, 2024, and that as of the date of the Complaint, Defendant had not responded to the requests. Defendant respectfully refers the Court to a copy of

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

2

the requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

6. Paragraph 6 consists of Plaintiff's characterization of the FOIA statute to which no response is required.

7. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. Defendant admits that as of the date of the Complaint, Defendant had released no records responsive to this request. Defendant avers that on or about September 24, 2024, Defendant's U.S. Geological Survey ("USGS") issued its final response to the third FOIA request referenced in this matter. USGS processed and released 164 in full or in part pages to Plaintiff.

9. Paragraph 9 contains Plaintiff's conclusions of law to which no response is required.

### A. FGI's FOIA REQUEST FOR RECORDS TO THE OFFICE OF THE SECRETARY RELATING TO THE "AMERICA THE BEAUTIFUL" INITIATIVE.

10. Defendant admits that Plaintiff submitted a FOIA request to Defendant on March 8, 2024. Defendant respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

11. Defendant admits that it sent an acknowledgement letter to Plaintiff on or about March 11, 2024.[2] Defendant respectfully refers the Court to a copy of the letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

12. Defendant admits as of the date of the Complaint no records pertaining to this request had been processed.

### B. FGI'S FOIA REQUEST FOR RECORDS TO THE BUREAU OF LAND MANAGEMENT RELATING TO THE "AMERICA THE BEAUTIFUL" INITIATIVE.

13. Defendant admits that Plaintiff submitted a FOIA request to Defendant on March 8, 2024. Defendant respectfully refers the Court to Plaintiff's request for a full and accurate statement of its contents and denies any inconsistencies therewith.

14. Defendant admits that it sent an acknowledgement letter to Plaintiff on or about April 19, 2024. Defendant respectfully refers the Court to a copy of the letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

15. Defendant admits as of the date of the Complaint no records pertaining to this request had been processed.

### C. FGI'S FOIA REQUEST FOR RECORDS TO THE U.S. GEOLOGICAL SURVEY RELATING TO THE "AMERICA THE BEAUTIFUL" INITIATIVE.

16. Defendant admits that Plaintiff submitted a FOIA requests to Defendant on March 8, 2024. Defendant respectfully refers the Court to Plaintiff's request for a full and accurate statement of its contents and denies any inconsistencies therewith.

---

[2] Although the acknowledgment letter sent by Defendant states the control number is DOI-OS-2024-000223, this is a typo. The correct control number is DOI-OS-2024-000224.

17. Defendant admits that it sent an acknowledgement letter to Plaintiff on or about March 18, 2024. Defendant respectfully refers the Court to a copy of the letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

18. Defendant admits as of the date of the Complaint no records pertaining to this request had been processed. Defendant avers that on or about September 24, 2024, USGS issued a final response to Plaintiff. USGS processed and released 164 in full or in part pages to Plaintiff.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

19. Defendant incorporates by reference its responses to Paragraphs 1 through 18 as if fully restated herein.

20. Paragraph 20 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that as of the date of the Complaint it had not issued final responses to Plaintiff's FOIA requests. Defendant avers that USGS issued a final response to Plaintiff on or about September 24, 2024.

21. Paragraph 21 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### Second Defense

Plaintiff is not entitled to compel production of records exempt from disclosure by or one or more exemptions enumerated in the FOIA. 5 U.S.C. § 552.

### Third Defense

Plaintiff is neither eligible for nor entitled to an award of attorney's fees and costs in this action.

### Fourth Defense

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Fifth Defense

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim,

would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

### Sixth Defense

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

Dated: November 29, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Kaitlin K. Eckrote*
KAITLIN K. ECKROTE
DC Bar #1670899
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, NW
Washington, D.C. 20530
(202) 252-2485
Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*