UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>   Defendant. | Civil Action No. 24-2639 (AHA) |

**JOINT STATUS REPORT**

Pursuant to the Court's January 22, 2025, Minute Order, the Parties conferred and respectfully submit the following status report on this Freedom of Information Act ("FOIA") case:

Plaintiff submitted three FOIA requests to Defendant U.S. Department of the Interior on March 8, 2024. ECF No. 1. All three requests sought records related to the "America the Beautiful" initiative. One request was directed to the Office of the Secretary, one to the Bureau of Land Management, and one to the U.S. Geological Survey. *Id.* at 3-5.

On September 24, 2024, the U.S. Geological Survey issued a final response to Plaintiff consisting of 164 pages released in full or in part.

On November 21, 2024, the Bureau of Land Management ("BLM") sought clarification regarding Plaintiff's request. BLM followed up on December 9, 2024, and Plaintiff's counsel advised that he followed up with his client. On January 13, 2025, Plaintiff responded. Based upon Plaintiff's response, BLM processed Plaintiff's request with two separate searches. On January 31, 2025, BLM informed Plaintiff that its initial search for the first portion of Plaintiff's request returned over 8,000 records and asked if Plaintiff was willing to narrow the request by date range.

BLM followed up on February 10, 2025, and February 25, 2025. On April 17, 2025, Plaintiff proposed narrowing the date range of the request, and BLM responded on May 14, 2025, advising Plaintiff that even with the narrowed date range, the search resulted in approximately 62,000 pages. BLM asked if Plaintiff could narrow any further. After no response, BLM followed up with Plaintiff on July 11, 2025, November 17, 2025, and December 3, 2025. Plaintiff sent several proposals for narrowing on December 8, 2025, and the parties will meet and confer to discuss those proposals.

On January 15, 2025, the Office of the Secretary ("OS") informed Plaintiff that it located approximately 1,000 plus potentially responsive documents with a rough estimate that it would total about 38,000 pages. The OS sent Plaintiff a narrowing proposal and Plaintiff agreed to most of the proposal on January 16, 2025. The OS completed the search and made its first interim production on March 17, 2025, consisting of 195 pages, and advised Plaintiff that an additional 226 pages require consultation with outside entities and will be included in a future production. The OS made its second interim production on April 17, 2025, consisting of 16 pages, and advised Plaintiff that an additional 21 pages require consultation with outside entities and will be included in a future production, made its third interim production on May 15, 2025, consisting of 109 pages, and advised Plaintiff that an additional 82 pages require consultation with outside entities and will be included in a future production, made its fourth interim production on June 16, 2025, consisting of 8 pages, and advised Plaintiff that an additional 71 pages require consultation with outside entities and will be included in a future production, and made its fifth interim production on July 15, 2025, consisting of 197 pages, and advised Plaintiff that an additional 9 pages require consultation with outside entities and will be included in a future production. The July production also included the documents from the May production that were sent for consultation.

Since the last status report, the OS made its sixth interim production on August 15, 2025, consisting of 134 pages. The OS made its seventh interim production on September 15, 2025, consisting of 362 pages. The September production also included some the documents from the March production and all the documents from the July production that were sent for consultation. The OS made its eighth interim production on December 1, 2025, consisting of 219 pages, all resulting from the March production that was sent in consultation. The only remaining documents that are awaiting production by the OS in this case are the pages that were noted as requiring consultations with outside entities in April, June, and September. The OS will produce non-exempt portions of those documents to Plaintiff as it receives them back from the consulting entities.

Pursuant to the Court's order, the parties will file a further Joint Status Report on or before March 9, 2026, and every ninety days thereafter, until the production of documents is complete, at which point the parties will file a Joint Status Report with a proposal for further proceedings.

Dated: December 8, 2025                              Respectfully submitted,

*/s/ Jeremiah L. Morgan*                             JEANINE FERRIS PIRRO
JEREMIAH L. MORGAN                                   United States Attorney
D.C. Bar #1012943
WILLIAM J. OLSON                                     By:  */s/ Kaitlin K. Eckrote*
D.C. Bar #233833                                     KAITLIN K. ECKROTE
William J. Olson, P.C.                               D.C. Bar #1670899
370 Maple Avenue West, Suite 4                       Assistant United States Attorney
Vienna, VA 22180-5615                                601 D Street NW
(703) 356-5070                                       Washington, D.C. 20530
jmorgan@lawandfreedom.com                            (202) 252-2485
                                                     Kaitlin.eckrote@usdoj.gov
*Counsel for Plaintiff*
                                                     *Counsel for the United States of America*